

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CASE NO. 1:07-CR-244 |
| | § | |
| CHARLES TERRANCE LEVEAN | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On April 22, 2008, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Charles Terrance Leaven, on **Count I** of the charging Indictment filed in this cause. Count I of the Indictment charges that on or about

December 6, 2007, in the Eastern District of Texas, Charles Terrance Leaven, Defendant herein, did knowingly and intentionally possess with intent to distribute 5 grams or more but less than 50 grams of a Schedule II controlled substance, namely, a cocaine mixture or substance containing a detectable amount of cocaine base, to wit; "crack cocaine," in violation of Title 21, United States Code, Section 841(a)(1). *See Indictment.*

Defendant, Charles Terrance Leaven., entered a plea of guilty to Count I of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court;

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

c. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the

offense and Defendant realizes that his conduct falls within the definition of the crime charged under 21 U.S.C. § 841(a)(1).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government proffered the following evidence at the hearing. *See Factual Basis and Stipulation*.

The Government would prove that Charles Terrance Leaven is one and the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas. The Government and Defendant agreed that the Government would prove each and every essential element of the charged offense. The Defendant also stipulated to the facts presented by the Government in support of his guilty plea. If the case proceeded to trial, the Government would have proven every essential element of the offense, beyond a reasonable doubt, through sworn testimony, including witnesses and expert witnesses, and through exhibits.

Specifically, the Government would show that on or about December 6, 2007, officers with the Orange County Sheriff's Department were traveling eastbound on Freeway Boulevard in Rose City, Texas, which is within the Eastern District of Texas, at approximately 3:00 p.m. when they observed a person inside a vehicle parked at a convenience store/gas station who appeared to be smoking marihuana.

That the Sheriff's deputies pulled into the Fuel Mart to speak with the lone occupant of the vehicle. As Lieutenant Strausse approached the vehicle, the driver, who was later identified as Charles Terrance Leaven, attempted to back out of the parking lot but then stopped and told the officers "you got me." When Leaven exited his vehicle, a clear plastic baggie of suspected

marihuana fell from Leaven's lap onto the seat of the vehicle. Leaven was then arrested for possession of marihuana and officers conducted an inventory search of the vehicle.

The officers located a brown paper bag which contained four (4) off-white rock like substances in the form of "cookies" which the officers believed to be crack cocaine. Leaven advised the officers that the total amount of crack in the bag was only 28 grams. The Government would finally show that the suspected crack cocaine was submitted to the Jefferson County Regional Crime Laboratory for analysis. A laboratory analyst would testify that the substances were determined to be 32.51 grams of cocaine base, which is a Schedule II controlled substance. Drug experts would also testify that this amount of crack cocaine is consistent with drug trafficking and not personal consumption.

Counsel for Defendant attested to Defendant's competency and capability to enter an informed plea of guilty. Defendant agreed with the factual basis and agreed with the Government's ability to prove the elements of the offense. Defendant also testified that he was entering his guilty plea knowingly, freely and voluntarily.

## **RECOMMENDATION**

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the guilty plea of Defendant, which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count I of the Indictment** filed in this criminal proceeding. Accordingly, it is further recommended that Defendant, Charles Terrance Leaven, be finally adjudged guilty of the charged offense under 21 U.S.C. § 841(a)(1) as stated in the Indictment.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature.  The District Court may defer its decision to accept or reject the plea until there has been an opportunity to consider the presentence report.  Defendant reserves his right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and  recommendations, and from  appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation,  a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v.*

*Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 22nd day of April, 2008.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE